RAILROAD v. WYATT.

(*Jackson.* April 18, 1900.)

1. EVIDENCE. *Of subsequent repair of defect causing injuries.*

In an action against a railroad company for injury resulting from defect in its depot platform, it is error for the Court to permit the plaintiff, over objection, to prove that defendant repaired the platform and removed the defect after the injury had occurred. (*Post, pp. 433, 434.*)

Cases cited: 144 U. S., 202; 11 Col., 505 (S. C., 7 Am. St. Rep., 255); 51 Conn., 524 (S. C., 50 Am. Rep., 47); 123 Ind., 15 (S. C., 18 Am. St. Rep., 303); 154 Mass., 168; 30 Minn., 465; 108 N. Y., 151; 75 Tex., 155; 132 Ill., 53; 51 Conn., 524.

2. SAME. *Admission of incompetent, not reversible error.*

But it is not reversible error to admit incompetent evidence where the fact that it tends to prove—*e. g.,* the defect of the platform in this case — is not debatable upon the whole evidence. (*Post, pp. 434, 435.*)

3. SAME. *Within averments of declaration, when.*

In an action against a railroad company for injury resulting from a defect in its depot platform, where the declaration avers "that said platform, long prior to plaintiff's said injury and fall, had been out of repair; the sleepers and sills had rotted, and many of the platform planks had decayed in places, causing holes in the same, as was well known to the defendant long before the injury," it is competent for plaintiff to prove patent defects of the platform, in the immediate neighborhood of the one that caused the injury, which had existed for a considerable period of time prior to the accident, as tending to show that defendant had notice of the unsafe condition of the platform. (*Post, pp. 435, 436.*)

Case cited: 118 U. S., 545.

---

FROM GIBSON.

---

Appeal in error from Circuit Court of Gibson County. JOHN R. BOND, J.

Railroad *v.* Wyatt.

J. P. RHODES and W. I. McFARLAND for Railroad.

ED SMITH and HARWOOD & TYREE for Wyatt.

BEARD, J. The defendant in error, while unloading cotton from his wagon to the platform of the plaintiff in error, placed one foot on the projecting end of a plank which formed a part of the platform. The pressure of the foot loosened the nail which had been driven to hold the inside end to the sleeper on which it rested, when it flew up and precipitated him to the ground, inflicting upon him injuries, to recover damages for which this suit was brought. The litigation resulted in a verdict for $750 against the railroad, on which judgment was rendered by the Court below. From this an appeal in the nature of a writ of error has been prosecuted.

In the progress of the cause the plaintiff below, over the objection of the railroad company, was permitted to show, by the testimony of two witnesses, that, subsequent to the accident, the company made extensive repairs to this platform. This action of the trial Judge is assigned for error. In this there was error. While there has been some difference of opinion on this question, it is now settled upon what we deem sound reason, and certainly by the overwhelming weight of judicial opinion, that such testimony is incompetent,

20 P—28

because the making of such repairs as would serve to secure the owner against claims for damages for future casualities is not to be construed into an admission of antecedent negligence, and evidence thereof is calculated to divert the jury from the real issue and create prejudice against the defendant. To permit such testimony to be given would be, in effect, to place the owner in the embarrassing attitude of being compelled to choose between the risk of another accident by maintaining the *status quo,* or by repairing and making evidence against himself which would act prejudicially to his defense in the minds of the jury. This should not be tolerated. *Columbia R. R. Co.* v. *Hawthorne,* 144 U. S., 202; *Colorado Electric Co.* v. *Lubbers,* 11 Col., 505 (S. C., 7 Am. St. R., 255); *Nally* v. *Hartford Carpet Co.,* 51 Conn., 524; 50 Am. Rep., 47; *Terre Haute & C. R. Co.* v. *Chin,* 123 Ind., 15 (S. C., 18 Am. St. R., 303); *Shinner* v. *Merrimac River Locks, etc.,* 154 Mass., 168; *Morse* v. *Minn. & S. & L. R.,* 30 Minn., 465; *Corcoran* v. *Peekskill,* 108 N. Y., 151; *Missouri Pacific Ry. Co.* v. *Hennessy,* 75 Tex., 155; *Hodges* v. *Persival,* 132 Ill., 53; *Ely* v. *St. Louis, Kansas . City & Northwestern R. R. Co.,* 51 Conn., 524. To the same effect are one or two cases heretofore determined by this Court.

But while the action of the trial Judge in this regard was erroneous, yet it does not con-

stitute a reversible error. It would have been otherwise, if the evidence on the question of the unsoundness of the platform when the accident occurred had been debatable; for then this incompetent testimony might have turned the scale against the railroad company. But there was no room for debate on this point. The evidence was all one way as to it. The testimony of the witnesses of the plaintiff below that this plank, the tilting of which caused the accident, rested upon a sleeper so rotten that it would not hold the nail, was uncontradicted. Such being the state of the record, it is evident no injustice resulted from the admission of this incompetent testimony.

2. It is insisted that there was error in permitting evidence to go to the jury as to the unsound condition of this platform elsewhere than at the point where the accident occurred. This testimony was confined to patent defects that were in its immediate neighborhood, and which had existed for a considerable period of time prior to the accident. The declaration did not limit the complaint of the plaintiff below to the condition of the particular plank, the defective condition of which occasioned the injury, but averred "that said platform, long prior to plaintiff's said injury and fall, had been out of repair; the sleepers and sills had rotted, and many of the platform planks had decayed in places, causing holes in the same, as was well known to the defendant

Railroad *v.* Wyatt.

long before the injury," etc. Under this declaration this testimony was competent, as tending to show that the defendants were put on notice and yet had failed to exercise proper diligence in seeing to it that its platform (including the plank occasioning the injury), to which it invited the shipping public was in a safe condition. *V. & M. R. R. Co.* v. *Putnam,* 118 U. S., 545; 4 Ell. on Railroads, sec. 1641.

The other errors assigned are disposed of orally.

The judgment of the Circuit Court is affirmed.