WILLIAM ARCHIE HOOD, By By Next Friend, v. H. W. GROOMS and WIFE.

Middle Section.   January 24, 1927.

Petition for Certiorari denied by Supreme Court, May 7, 1927.

1. **Trial.   A general exception is sufficient only when the evidence is incompetent for any purpose.**
A general exception that evidence is incompetent, irrelevant and immaterial is too general and does not give the other party or the court notice of what the party intends to rely upon and is not sufficient unless the evidence is incompetent for any purpose.

2. **Negligence.   Evidence.   Evidence of reputation of one as a careful driver is ordinarily irrelevant.**
Ordinarily, in negligence cases, evidence of the reputation of one as a careful driver is irrelevant, and admission of such evidence over objection, is erroneous, unless one of the issues is the failure of the defendant to employ a careful and skillful driver.

3. **Trial.   Evidence.   Where a fact has been proven without objection subsequent proof is admissible.**
Where a fact although irrelevant and inadmissible has been previously proven by another witness without objection, the trial court cannot be put in error for subsequently admitting proof of the same fact over objection.

4. Trial. Evidence. A plaintiff must be ready to meet competent evidence.
    The plaintiff must be ready with proof to meet all competent testimony and cannot rely upon surprise at the introduction of any competent testimony.

5. Trial. Evidence. A case will not be reversed because the court admitted incompetent testimony in rebuttal to incompetent testimony.
    The admission of incompetent evidence will justify the admission of similar incompetent evidence in rebuttal.

6. Appeal and error. Evidence. Appellate Court will not pass upon the exclusion of evidence unless the bill of exceptions shows the evidence excluded in the trial court.
    It is incumbent upon the party to show the names of witnesses and what they would have proved, preserved in the bill of exceptions so that the court may see that the admission of such evidence would probably have changed the result.

Appeal in Error from Circuit Court, of Davidson County; Hon. E. F. Langford, Judge.

Affirmed.

T. Watson Batts and C. H. Rutherford, of Nashville, for plaintiff in error, Hood.

William Hume, of Nashville, for defendants in error, Grooms.

CROWNOVER, J. This was an action by plaintiff in error, a minor, who sued by his next friend, to recover damages for personal injuries sustained by him in a collision of a Ford automobile with a motorcycle.

The declaration contains only one count, and avers that defendant, Mrs. Grooms, negligently, carelessly and unlawfully drove at a high rate of speed a Ford automobile, owned by her husband for family purposes, against a motorcycle in which plaintiff was riding as a passenger, whereby and on account of which plaintiff sustained serious and permanent injuries, for which he sued.

The defendant pleaded not guilty.

A volume of proof was introduced and the jury returned a verdict for the defendants. Plaintiff has appealed in error from the action of the court in overruling his motion for a new trial, and has assigned five errors.

The facts necessary to be stated are that the plaintiff in company with two other boys was riding on a motorcycle delivering newspapers on the Whites Creek Pike, near Nashville. The motorcycle was being driven by one of the boys and plaintiff was riding in a basket car attached to the right side of the motorcycle. On turning a curve it collided with defendants' Ford automobile driven by Mrs. Grooms, and the plaintiff sustained serious injuries in the head, body and limbs, as a result of which his right leg had to be amputated near the hip.

The first assignment of error, that there was no evidence to support the verdict, must be overruled as there was evidence that the defendant, Mrs. Grooms, was not negligent. The defendants' proof is that she was driving on her extreme right-hand side of the road, the two right wheels of the car being off the pavement on the grass, and she had brought the automobile almost to a stop at the time of the collision, whereas, the motorcycle was being driven fast, and in turning the curve it ran across the road and collided with the automobile. Where there is any material evidence to sustain the verdict, our court will not reverse the judgment. See Davis v. Farris, 1 Tenn. App. Rep., 148.

The second assignment, that the overwhelming weight of the evidence is in favor of the plaintiff, must be overruled, as it is elementary that such an assignment is not good in this court. See Stacey v. Keller, 1 Tenn. App. Rep., 82.

The third assignment is that the court erred in admitting evidence, over plaintiff's objection, that Mrs. Grooms, the defendant, had a reputation of being a careful driver of an automobile. The court permitted a witness to state over plaintiff's objection, that she had ridden with defendant, Mrs. Grooms, daily for several months and that she was a careful driver. The admission of this testimony is assigned as error.

It should be stated, however, that defendants had previously proven, without objection, the same fact by another witness, and no motion to exclude or strike his testimony was ever made.

The ground of plaintiff's objection was that the testimony first above stated was "incompetent," and the defendants say that this objection was not good because too general. Ordinarily, objections must specify the grounds of the exception. Such exceptions, and the use of the words "incompetent, irrelevant and immaterial" do not set forth specific grounds of exceptions, as they are too general and do not give the other party and the court notice of what the party intends to rely upon, Murray v. Frick, 29 A. L. R., 74, 38 Cyc., 1386; 26 R. C. L., 1048, 1050; Railway Company v. Beeler, 90 Tenn., 548; but a general exception is sufficient where the evidence is incompetent for any purpose. See McCadden v. Lowenstein, 92 Tenn., 625; Gibson v. Parkey, 142 Tenn., 99; 5 Michie's Tenn. Ency. Dig., 361.

Ordinarily, in negligence cases, evidence of the reputation of one as a careful driver is irrelevant, and admission of such evidence, over objections, is erroneous, unless one of the issues is the failure of the defendant to employ a careful and skillful driver; Huddy on Automobiles (7 Ed.), secs. 1292-3; Babbitt on Motor Vehicles (3 Ed.), secs. 2159-2160; 6 Thompson on Negligence, secs. 7801, 7883; 22 C. J., 477-8; 749-750. Hence, we think this evidence was ir-

relevant, and the court's action would have been erroneous but for the reason that the same fact had been previously proven by another witness without objection. Where a fact has been proven, without objection, the trial court cannot be put in error for subsequently admitting proof of the same fact, over objection. See Insurance Co. v. Bond, 8 Hig., 510; Irvine v. State, 104 Tenn., 432; Maddin v. Head, 1 Lea., 664; 14 Ency. Plead. & Prac., 746. Hence, this assignment must be overruled.

The fourth assignment is that the court erred in refusing to permit the plaintiff to rebut the evidence erroneously admitted as to the reputation of defendant, Mrs. Grooms, on the question of being a careful driver, and The fifth assignment is that the court erred in not granting plaintiff a new trial on the ground that he was surprised at the ruling of the court in admitting said evidence as to the reputation of Mrs. Grooms.

We will discuss these two assignments of error together.

A short time before adjournment of the court for the day plaintiff's attorney announced that he did not known that the court was going to admit testimony about defendant's, Mrs. Grooms, being a careful driver, and that he had no opportunity to get his witnesses there that day, but if permitted he would have them on the next morning; whereupon, the court announced that he would adjourn until the next morning for the purpose of allowing the plaintiff to introduce only one witness coming from a distance but that he would hear the evidence of no other witness. To this action of the court the plaintiff excepted; but the plaintiff did not state what he expected to prove by said witnesses concerning the reputation of Mrs. Grooms, nor did he produce the witnesses on the next day or at any other time, or show in any manner what they would prove. The record discloses nothing further on the subject.

If the evidence already admitted on the subject was competent under the issues then the plaintiff must be ready to meet it. The plaintiff must be ready with proof to meet all competent testimony, and cannot rely on surprise at the introduction of any competent testimony. See Nellums v. Nashville, 106 Tenn., 222; Elbinger Shoe Co. v. Thomas, 1 Tenn. App. Rep., 161; Stafford v. Stafford, 1 Tenn. App. Rep., 477.

If the testimony was incompetent he did not have to rebut it, but may rely on the error committed by the court in admitting the incompetent testimony over his objection. 14 Ency. Plead. & Prac., 744. However, a case will not be reversed because the court admitted incompetent testimony in rebuttal to incompetent testimony. The admission of incompetent evidence will justify the admission of similar incompetent evidence in rebuttal. See Thomas v. State, 121 Tenn., 83; Larus v. Bank, 149 Tenn., 154.

We think that the court would have been in error in refusing to admit plaintiff's testimony in rebuttal, had plaintiff produced any witnesses and offered any testimony in rebuttal on the subject; but as before stated, plaintiff produced no witnesses and offered no testimony in rebuttal on the subject, and the record does not show what the testimony, if any, would have been; hence, we have no way of knowing what his testimony would have been, or in fact, whether he had any such witnesses, or any such testimony, as he did not take the proper action to show the testimony. It is incumbent upon the party to show the names of witnesses, and what they would have proved, preserved in the bill of exceptions, so that the court may see that the admission of such evidence would probably have changed the result. See Insurance Company v. Scales, 101 Tenn., 628; Weeks v. McNulty, 101 Tenn., 495; Robertson v. State, 1 Lea, 673; 5 Michie's Tenn. Ency. Dig., 169.

Hence, as there is nothing before us to show that the plaintiff had any such evidence on this subject in rebuttal, the fourth assignment must be overruled; and as other proof had been previously admitted on this same fact, without objection, we cannot see that plaintiff has been surprised, other than what he says in his motion for a new trial.

Recitals of fact in a motion for a new trial are not evidence because such motion is merely a pleading. See Sherman v. State, 125 Tenn., 149 Richmond Type & Electro Foundry Company v. Carter, 135 Tenn., 493; Assurance Company v. Feed & Grocery Company, 122 Tenn., 652.

Of course, the testimony on this subject, not objected to, is not open to review on appeal. (Howell v. Stroud, 1 Tenn. App. Rep., 301). No motion having been made to exclude or strike the testimony not objected to, we think that the testimony on the same subject, excepted to, did not affect the result. We cannot reverse on this question. See Graham v. Reynolds, 90 Tenn., 673. Hence, this assignment must be overruled.

It results that all the assignments of error must be overruled and the judgment of the lower court dismissing plaintiff's action must be affirmed. The cost of the cause is adjudged against the plaintiff in error, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.