THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUBEN ORTIZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL SALGADO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEPHEN L. GONZALES, Appellant.— Judgments of the County Court of Kings County, convicting defendants of the crime of robbery in the first degree, unanimously affirmed. No opinion. Present — Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ.

MARIE RUFO et al., Respondents, v. SOUTH BROOKLYN SAVINGS BANK, Appellant, et al., Defendants.— In an action by plaintiff wife to recover damages for personal injuries, and by plaintiff husband to recover for expenses and loss of services, claimed to be due to the fault of defendant-appellant, the former owner, and defendant Margaret Nichols, the owner at the time of the occurrence, by reason of a defective stair tread in a multiple dwelling (Multiple Dwelling Law, § 4, subd. 30; § 78), the plaintiffs recovered a verdict against both defendants, upon which judgment was entered. Defendant South Brooklyn Savings Bank appealed, but defendant Margaret Nichols did not appeal. Upon the appeal by defendant South Brooklyn Savings Bank, judgment reversed on the law, with costs, and the complaint dismissed on the law, with costs. Prior to January 2, 1941, the appellant had been the owner of the property for almost six years. On January 2, 1941, it conveyed the property to defendant Nichols, pursuant to a prior contract of sale entered into on December 23, 1940. The good faith of that sale is not questioned. The purchaser immediately entered into possession and continued to be the owner of the property until the time of the accident, which occurred on February 4, 1941. Plaintiffs claimed that the defective stair tread had existed for some months prior to the conveyance by the bank; that such defective tread constituted a statutory nuisance under the Multiple Dwelling Law (§ 4, subd. 30); that such nuisance existed at the time of the conveyance and continued thereafter until the time of the accident; that appellant had conveyed the property with such nuisance existing thereon, and, therefore, remained liable; and that the condition had existed after the conveyance for a period of time sufficient to charge the new owner with liability. In *Pharm* v. *Lituchy* (283 N. Y. 130, 132) which arose under the Multiple Dwelling Law, it was held that the liability of the prior owner in a case such as this "persists beyond conveyance at least until the new owner has had reasonable opportunity to discover the condition on prompt inspection and to make necessary repairs." The court refused to determine the limits of the rule more precisely. This court holds that such further liability does not continue beyond the time when the new owner has become responsible, after reasonable opportunity to discover the condition on prompt inspection and to make necessary repairs. By the verdict, the jury found that this time had arrived prior to the date of the accident. The defective stair tread was not a concealed condition or one which could not have been discovered by reasonable inspection. Under such circumstances, the prior owner should not be held liable after the liability of the new owner has come into existence. The findings of fact implicit in the verdict are affirmed. Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur.