## MELVIN CARLSON AND ANOTHER v. EDWARD HAMPL.
## CHARLES MAZZOLA AND ANOTHER, THIRD-PARTY DEFENDANTS.

169 N. W. (2d) 56.

June 27, 1969—No. 41695.

*Elmer W. Foster* and *Taylor Law Firm,* for appellant.
*Robert T. Stich,* for respondents.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

SHERAN, JUSTICE.

Appeal from a judgment of the district court entered pursuant to an order granting a motion for summary judgment.

On May 4, 1966, Mayme Carlson sustained injuries when she fell down the basement stairway of a private dwelling located at 1460 East Nevada Street in St. Paul, Minnesota. For present purposes we will assume that she fell because the top step in the stairway had a riser only 5 1/2 inches in height as compared with the other steps in the stairway which were equipped with risers 8 inches high and, in addition, because the stairway lacked a handrail as required by the St. Paul Building Code. An action for the damages resulting was brought against Edward Hampl, who had acquired the premises by deed on April 7, 1966, and had moved into the house on the 25th day of that month. Defendant Hampl was aware of the absence of the handrail at the time he purchased the home but apparently did not notice the fact that the riser for the first step leading into the basement was 2 1/2 inches shorter than the other steps, although he had been up and down the stairway several times prior to the occurrence of the accident. Third-party proceedings were brought by Hampl to obtain contribution or indemnity from Charles Mazzola and Janice Olga Mazzola, who had sold the house to him. Charles Mazzola had constructed the stairway himself and knew the relevant facts pertaining to the riser and the handrail requirement of the building code. The Mazzolas interposed an answer to the third-party complaint denying liability and moved for summary judgment on the basis of answers to interrogatories

and depositions establishing the facts. The motion for summary judgment was granted. Hampl appeals.

In our opinion, this decision of the trial court must be affirmed. The general rule is that a prior owner of real estate is not liable for injury to a purchaser or a third person caused by the condition of the premises existing at the time the purchaser took possession. Annotation, 8 A. L. R. (2d) 218; Copfer v. Golden, 135 Cal. App. (2d) 623, 288 P. (2d) 90.

As of April 25, 1966, Hampl was in complete and exclusive possession of the premises where the accident occurred. Any right to possession of the premises on the part of the Mazzolas terminated April 7, 1966, the date on which the sale of the real estate was consummated.

Appellant contends that an exception should be made to the general rule in this case on the basis of Restatement, Torts (2d) § 353, which provides:

"(1) A vendor of land who conceals or fails to disclose to his vendee any condition, whether natural or artificial, which involves unreasonable risk to persons on the land, is subject to liability to the vendee and others upon the land with the consent of the vendee or his subvendee for physical harm caused by the condition after the vendee has taken possession, if

"(a) the vendee does not know or have reason to know of the condition or the risk involved, and

"(b) the vendor knows or has reason to know of the condition, and realizes or should realize the risk involved, and has reason to believe that the vendee will not discover the condition or realize the risk.

"(2) If the vendor actively conceals the condition, the liability stated in subsection (1) continues until the vendee discovers it and has reasonable opportunity to take effective precautions against it. Otherwise the liability continues only until the vendee has had resonable opportunity to discover the condition and to take such precautions."

While this court has not committed itself to the view of the Restatement in this respect,[1] the exception would be inapplicable under the facts of this case. If there was a risk involved by reason of the shortness of the riser and the absence of the handrail, the condition was one which Hampl as vendee knew or should have known about before the accident occurred.[2] His actual knowledge of the absence of the handrail is demonstrated irrefutably by the fact that he had ordered such a rail on April 30, 1966. Although actual knowledge of the shortness of the riser was not demonstrated, its shortness was apparent upon observation and it is clear that Hampl had traversed the steps a number of times before the accident happened. Hampl's knowledge of the situation relieves the Mazzolas of liability under the rule embodied in § 353.[3] We therefore affirm.

Affirmed.

---

[1]We applied Restatement, Torts, § 358, in a lessor-lessee situation. See, Breimhorst v. Beckman, 227 Minn. 409, 35 N. W. (2d) 719.

[2]Contrast, Gasteiger v. Gillenwater, 57 Tenn. App. 206, 417 S. W. (2d) 568.

[3]See Rufo v. South Brooklyn Sav. Bank, 268 App. Div. 1057, 52 N. Y. S. (2d) 469, appeal dismissed, 295 N. Y. 981, 68 N. E. (2d) 60; Belote v. Memphis Development Co. 51 Tenn. App. 423, 369 S. W. (2d) 97. See, Prosser, Torts (3 ed.) § 62.