**Beverly Jean FRIBERG, et al.,
Respondents,**

v.

**Robert FAGEN, et al., Defendants and
Third Party Plaintiffs, Appellants,**

**General Electric, Respondent,**

v.

**Richard RADISKIE, Ellsworth G. Nelson, et al., Winnebago Industries,
Inc., Respondents.**

**No. CX–86–1914.**

Court of Appeals of Minnesota.

April 28, 1987.

John C. Childs, Popham, Haik, Schnobrich, Kaufman & Doty, Ltd., Minneapolis, for Winnebago Industries, Inc.

Heard, considered and decided by LANSING, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Robert and Sandy Fagen appeal from a summary judgment contending former owners of Fagen's resort may be liable for injuries caused by alleged defects in electrical facilities located on the resort. We affirm.

## FACTS

In July 1983 Mark Friberg and his family rented a camping space from the Fagens. Mark Friberg was electrocuted when he stepped from his camper onto damp ground. The accident apparently was caused by any one or a combination of possible electrical defects in the air conditioning unit or the wiring in the camper the fuse in the resort's electrical pedestal, or the pedestal ground wire. Neither the Fagens nor the respondent Nelsons, who sold the resort to the Fagens, had any trouble with this particular camping space and neither of the owners had any electrical work performed on the pedestal. No one could determine when the fuse had been bypassed or who had rewired it. At least one expert stated that he believed the wiring was the original wiring.

Dennis W. Hagstrom, Nycklemoe, Nycklemoe & Ellig, Fergus Falls, for Beverly Jean Friberg, et al.

Frank J. Rajkowski, Donohue, Rajkowski, Hansmeier, Grunke & Jovanovich, Ltd., St. Cloud, for Robert Fagen, et al., defendants and third party plaintiffs.

Martin N. Burke, Faegre & Benson, Minneapolis, for General Electric.

Richard Radiskie, pro se.

Thomas C. Athens Arvesen, Lundeed, Hoff, Svingen, Athens & Russell, Fergus Falls, for Ellsworth G. Nelson, et al.

Friberg's survivors sued the Fagens who impleaded the Nelsons contending the Nelsons also may be liable because the alleged hazardous conditions existed and were hidden at the time of the purchase of the resort. The Fagens also assert that the Nelsons are liable because the Nelsons warranted in the 1977 purchase agreement that all electrical wiring on the resort was in working order on the date of sale.

The trial court ruled that the Nelsons were not liable as vendors because they had not actively concealed any defects, they did not know of any defects, and

because the Fagens had adequate opportunity (six years) to discover and fix any defects in their property. The court also ruled that any liability based on the warranty clause in the purchase agreement was barred by the six-year statute of limitations because the accident occurred more than six years after the sale of the property.

## ISSUE

Did the trial court err by granting the Nelsons' motion for summary judgment?

## ANALYSIS

Summary judgment may be rendered

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law.

Minn.R.Civ.P. 56.03. The evidence must be viewed in a light most favorable to the nonmoving party and summary judgment may be granted only if

> the movant has clearly sustained his burden of showing that there is no *genuine issue* as to any *material fact* and that [the movant] is entitled to judgment as a matter of law.

*Sauter v. Sauter,* 244 Minn. 482, 484, 70 N.W.2d 351, 353 (1955) (footnote omitted; emphasis in original). On review, the court must determine only whether there are issues of fact to be tried. *Nord v. Herreid,* 305 N.W.2d 337, 339 (Minn.1981).

### Contribution

■ The Fagens argue that the trial court should not have granted summary judgment in favor of the Nelsons because the statute of limitations does not affect their potential claims for contribution against the Nelsons. Although the statute of limitations does not necessarily bar contribution claims, *see Spitzack v. Schumacher,* 308 Minn. 143, 145–46, 241 N.W.2d 641, 643 (1976), the Fagens cannot assert a contribution claim against the Nelsons *unless* the Nelsons are liable to the Fribergs. "Common liability" must exist. *See Amer-*

*ican Automobile Insurance Co. v. Molling,* 239 Minn. 74, 76, 57 N.W.2d 847, 849 (1953) ("The very essence of the action of contribution is 'common liability.' "). The supreme court has stated that common liability "is created at the instant the tort is committed." *See Spitzack,* 308 Minn. at 145, 241 N.W.2d at 643; *White v. Johnson,* 272 Minn. 363, 371, 137 N.W.2d 674, 679 (1965). The Fagens can assert a contribution claim against the Nelsons only if *both* the Fagens (as vendees/property owners) and the Nelsons (as vendors) were liable for Friberg's death on July 14, 1983.

### Vendor Liability

The general rule with respect to vendor liability is:

> [A] prior owner of real estate is not liable for injury to a purchaser or a third person caused by the condition of the premises existing at the time the purchaser took possession.

*Carlson v. Hampl,* 284 Minn. 85, 87, 169 N.W.2d 56, 57 (1969).

The Fagens and the Fribergs assert that section 353 of the Restatement (Second) of Torts applies in this case. Section 353 provides that a "vendor of land who conceals or fails to disclose to [vendees] any [unreasonably dangerous] condition, whether natural or artificial," may be liable for vendee and third person injuries if two conditions are met. The vendee must not know of the condition or the risk involved, and the vendor must "know" or "have reason to know" of the condition, realize the risks, and have reason to believe that the vendee will not discover the condition or realize the risk. *See* Restatement (Second) of Torts § 353 (1)(a) & (b) (1965).

> If the vendor *actively conceals* the condition, the [vendor remains liable] until the vendee discovers it and has reasonable opportunity to take effective precautions against it. Otherwise the *liability continues only until the vendee has had reasonable opportunity to discover the condition and to take such precautions.*

*Id.* § 353(2) (emphasis added).

■ None of the parties in this lawsuit established when the fuse was bypassed or

when the ground wire was installed improperly, and no one established who was responsible for the bypass and the improper installation. The parties do not dispute that the Nelsons did not know of the alleged defects. Consequently, the Nelsons could not have actively concealed the condition.[1] *See Graham v. United States,* 441 F.Supp. 741, 745 (N.D.Tex.1977) (the defendants were not liable because the plaintiffs did not allege or prove active concealment or deception, and the defendants did not know or have reason to know of the dangerous conditions). Even if the Nelsons knew about but did not disclose the alleged defects, their liability does not continue indefinitely. *See* Restatement (Second) of Torts § 353(2). The Nelsons' liability continued only until the Fagens had a reasonable amount of time to discover and remedy the alleged defects. *See id.; see also O'Connor v. Altus,* 67 N.J. 106, 335 A.2d 545 (1975) (nine years was more than a reasonable time for the vendee and his successors to have discovered and cured unsafe conditions which the vendor knew about).

The trial court was not clearly erroneous in determining that six years was a reasonable period of time within which the Fagens could have discovered and remedied the allegedly defective wiring in the electrical pedestal. Consequently, the Nelsons were not liable as vendors for Friberg's death. *See Carlson,* 284 Minn. at 87, 169 N.W.2d at 57. Since no "common liability" existed between the Nelsons and the Fagens at the time of the accident, the Fagens have no valid claim for contribution against the Nelsons. *See Spitzack,* 308 Minn. at 146, 241 N.W.2d at 643; *American Automobile Insurance Co.,* 239 Minn. at 76, 57 N.W.2d at 849.

### Summary Judgment

When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Minn.R.Civ.P. 56.05. *See Borom v. City of St. Paul,* 289 Minn. 371, 375, 184 N.W.2d 595, 597 (1971) ("the nonmoving party must show at the time of the motion that specific facts do exist which create a genuine issue for trial").

Although improper wiring in the electrical pedestal may have caused or contributed to Mr. Friberg's death, neither the Fagens nor the Fribergs have presented specific facts showing that there are genuine issues for trial on the question of the Nelsons' liability as vendors of the property. *See Rathbun v. W.T. Grant Co.,* 300 Minn. 223, 229, 219 N.W.2d 641, 646 (1974) ("A material fact is one of such a nature as will affect the result or outcome of the case depending upon its resolution."). The evidence is undisputed that the Nelsons did not know of any potential defects or have any problems with the outlet pedestal involved in the accident when they owned the resort. It also is undisputed that the Nelsons did not have any electrical work performed on the pedestal during their ownership of the property.

We do not believe the Nelsons are liable merely because they sold the resort on a contract-for-deed basis. The Nelsons' interest in the property was confined to bare legal title; they had no real authority or power to regain possession of the resort or exercise control over the premises. *See In re Petition of S.R.A., Inc.,* 219 Minn. 493, 507, 18 N.W.2d 442, 450 (1945), *aff'd,* 327 U.S. 558, 66 S.Ct. 749, 90 L.Ed. 851 (1946) ("a contract for the sale of land, part of the

1. The Fagens argue on appeal that the Nelsons' warranty in the purchase agreement about the condition of the resort facilities constitutes "active concealment" of the alleged defects in the resort's electrical systems, thus implicating section 353 of the Restatement. However, since this issue was not raised or argued before the trial court, we do not address this issue on appeal because our jurisdiction "is limited to questions actually decided by a trial court." *Schafer v. Commissioner of Public Safety,* 348 N.W.2d 365, 368 (Minn.Ct.App.1984). *See Turner v. Alpha Phi Sorority House,* 276 N.W.2d 63, 68 n. 2 (Minn. 1979) ("It is a well-settled principle that issues not presented at trial cannot be raised on appeal.").

purchase price being paid, vests in the vendee an equitable title in fee with the bare legal title remaining in the vendor as security").

## DECISION

The trial court did not err by granting summary judgment in favor of the Nelsons. As vendees, the Fagens had a reasonable amount of time within which to discover and remedy any defects in the property, consequently the Nelsons were not liable as vendors for the death of Friberg. Since there is no common liability, there is no basis for the Fagens' contribution claim.

Affirmed.