ELLEN MCKEOWN AND FRANCIS MCKEOWN, HER HUS-
BAND, RESPONDENTS, v. MARY KING, J. G. McCRORY
COMPANY, A CORPORATION, AND JAMES SMITH, IN-
CORPORATED, A CORPORATION, JOINTLY OR IN THE
ALTERNATIVE, APPELLANTS.

Submitted July 9, 1923—Decided November 19, 1923.

1. If an iron covering placed over a drain extending across a side-
walk has been in a defective condition for some time, it is
proper to submit to a jury the question of the negligence of the
one responsible for keeping the sidewalk in a reasonably safe
condition for use by the public, although no actual notice of the
defective condition of the sidewalk may have been received.

2. K., the owner of a building leased to the J. G. McC. Co., con-
structed a drain across the sidewalk for the purpose of carrying
water from the roof of the building to the gutter and covered the
drain with an iron covering about one inch thick and ten and
one-half inches wide, set flush with the sidewalk. This covering
became loose and slipped over the edge of the gutter where it
was struck by a motor-truck and raised up as a pedestrian was
passing over the drain, injuring the pedestrian—*Held*, (1) that
the drain cover was not a nuisance arising from the structure
of the building; (2) that it was error for the trial court to
charge that it became the duty of the owner and tenant to keep
the drain safe for the use of the public; and (3) that the duty
of the one chargeable with the care and maintenance of the
sidewalk was to use ordinary care to make the sidewalk reason-
ably safe for the users thereof.

3. It is the duty of a tenant as to third persons to keep a sidewalk in front of the leased premises in a reasonably safe condition, notwithstanding a covenant in the lease to the effect that the landlord will keep the exterior of the premises in good order and repair during the term of the lease.

4 Where one of several joint defendants takes an exception to a portion of the charge of·the trial court and subsequently abandons and waives said exception by omitting to state it as a ground of appeal and arguing the same, another of said joint defendants cannot avail itself of said exception.

On appeal from the Supreme Court.

For the appellant J. G. McCrory Company, *McDermott, Enright & Carpenter.*

For the appellant Mary King, *John W. Harding* and *Louis A. Cowley.*

For the respondents, *Ranzenhoffer & Ranzenhoffer* and *Gilbert L. Rosenstein.*

The opinion of the court was delivered by

KATZENBACH, J. Mrs. Mary King was the owner of premises in the city of Passaic, in this state, known as Nos. 223, 225 and 227 Washington place. On May 12th, 1916, she leased these premises to the J. G. McCrory Company, then known as the McCrory Stores Corporation, for a period of ten years from the completion of a building then being constructed on said premises. During the month of March, 1918, Mrs. King constructed across the sidewalk in front of No. 223 Washington place, at the extreme end of the building, a drain which connected with a leader extending to the roof of the building. The drain thus connected carried to the gutter the water from the roof. The drain was covered with a metal covering flush with the sidewalk. This cover was ten and one-half inches wide and about a quarter of an inch thick. It was set in a recess on each side of the drain.

On October 1st, 1921, Mrs. Ellen McKeown was walking along Washington place about half past eight in the evening.

As she was passing over this drain the cover was suddenly lifted up and Mrs. McKeown was thrown to the ground with great force, breaking her leg. The sudden raising of the cover of the drain was caused by the covering having become loose and slipping over the gutter and then being struck by a motor truck which was being drawn up to the curb at the time Mrs. McKeown was stepping on or over the drain.

To recover damages for her injuries Mrs. McKeown commenced an action in the Supreme Court in which Mr. McKeown joined to recover for the loss and expenses incurred by him as the result of the accident. The defendants were the owner and tenant who were charged with negligence in permitting the cover to become loose and out of repair, and James Smith, Incorporated, the owner of the truck, which struck the drain cover. This company was charged with having negligently driven the truck against the drain cover.

The case was tried at the Passaic Circuit and resulted in a verdict of no cause of action for the defendant James Smith, Incorporated, and verdicts against Mrs. King, the owner, and the J. G. McCrory Company, the tenant, of $2,000 for Mrs. McKeown and $1,500 for Mr. McKeown. From the judgments entered on these verdicts Mrs. King and the J. G. McCrory Company have appealed.

The grounds of appeal for the reversal of these judgments advanced by the J. G. McCrory Company will first be considered. The first one argued is that the plaintiffs failed to prove any act of the tenant from which negligence could be inferred. The plaintiffs proved by two witnesses that the drain cover slipped away from the building towards and over the gutter. On several occasions these witnesses testified that they had pushed it back. This condition had existed for some months prior to the accident. The McCrory Company says that there is no evidence that it was apprised of this condition, and therefore no negligence could be imputed to it. It is the duty of a tenant of premises towards persons using them by invitation, express or implied, to use the care of an ordinarily prudent person to keep the premises in a reasonably safe condition. If the defective condition has

existed for some time the tenant is chargeable with notice of the condition, although having received no actual notice thereof. *Schnatterer* v. *Bamberger,* 81 *N. J. L.* 558.

The testimony offered by the plaintiff on the question of negligence created a jury question. The trial court properly left this question to the jury.

The second ground of appeal is that the trial judge should have directed a verdict in favor of the McCrory Company. This is argued under several points. The first point is that there is no evidence from which it could be found that the proximate cause of the accident was the tenant's negligence. This contention rests upon evidence given by witnesses that they had observed and examined the drain from time to time and observed no defect therein. Attention has been called to the evidence to the contrary. If the drain cover was loose and slipped over the sidewalk, then the question of proximate cause was for the jury, as the proximate cause might be determined to be the neglect of the McCrory Company in failing to make repairs to the drain and cover, which would prevent the cover from slipping towards and over the gutter rather than the act of the driver of the truck in negligently striking the cover. We see no error in refusing to direct a verdict on this ground.

The second point argued under the second ground of appeal is that the owner was alone liable for the injuries received by the plaintiff. This argument is based upon the principle of law that, for a nuisance arising from the structure of the building, the owner is liable. This principle finds support in the case of *Durant* v. *Palmer,* 29 *N. J. L.* 544. But this case, while it held that the owner was liable, likewise held that the tenant was liable. Moreover, the present action is not based upon a structural defect of the drain and cover. The complaint alleges the negligence of which the defendants, landlord and tenant are guilty to be the permitting of the covering of the drain to become dilapidated, loose and out of order. The complaint does not allege a structural defect. This implies that the drain and cover were propertly constructed. For permitting a sidewalk to

become out of repair and thereby dangerous a tenant is responsible, as the tenant's duty is to use ordinary care to make the sidewalk reasonably safe.

The third point argued under the second ground of appeal is that the landlord and not the tenant was under obligation to maintain the drain covering under the terms of the lease, and hence no suit could be instituted by a third person for damages for injuries against the tenant. The lease provided as follows: "It is understood that the lessor will keep the exterior of the premises, including the roof and plate glass, in good order and repair during the term of this lease, and that the lessee will keep the interior in good order and repair  *  *  *."

This provision of the lease fixes the obligations and duties between the landlord and tenant, but no provision of a lease can absolve a tenant as against a third person from the tenant's duty to maintain a sidewalk in front of the demised premises in a reasonably safe condition. "A tenant or occupant of premises owes a duty to third persons resorting thereto in the course of business, or upon his invitation, express or implied, to keep the premises in a reasonably safe condition, regardless of the question as to whose duty, as between landlord and tenant, it is to make repair thereon." *Landlord and Tenant,* 24 *Cyc.* 1125, and cases cited.

Chief Justice Shaw, of Massachusetts, said in the case of *City of Lowell* v. *Spaulding,* 4 *Cush.* 277: "By the common law the occupier, and not the landlord, is bound, as between himself and the public, so far to keep buildings in repair they may be safe for the public; and such occupier is *prima facie* liable to third persons for damages arising from any defect. If, indeed, there be an express agreement between landlord and tenant that the former shall keep the premises in repair so that in case of a recovery against the tenant he would have his remedy over, then, to avoid circuity of action, the party injured by the defect and want of repair may have his action in the first instance against the landlord."

From these authorities it will be seen that the trial court ruled correctly in refusing on this point to direct a verdict in favor of the McCrory Company.

The fourth point argued under the second ground of appeal is that the tenant should not be held liable when he had no knowledge of any defect in the drain. This point was considered under the first ground of appeal. It was pointed out that a defect may have existed for such a length of time as to charge the tenant with constructive notice thereof. *Schnatterer* v. *Bamberger, supra.*

The third ground of appeal deals with two portions of the court's charge to which the McCrory Company took exceptions and which it is claimed are erroneous.

The first deals with the following statements made by the court, namely, "the position of J. G. McCrory Company and Mrs. King are the same. * * * As I said at the outset, the McCrory Company and Mrs. King are both in the same shoes so far as liability is concerned. If one is liable, both are liable."

In the discussion of the second ground of appeal it has been pointed out that the McCrory Company was under a duty to third persons to maintain the sidewalk in a reasonably safe condition. The statement of the trial court was then correct as to the McCrory Company. If we should assume that the duty of Mrs. King was not the same as that of the McCrory Company, there was no harm done to the McCrory Company in what the trial court said.

The second portion of the charge complained of relates to a statement made by the court that Mr. McKeown would be entitled to recover some reasonable sum for the maintenance of his married daughter who performed the household duties during the illness of Mrs. McKeown. Mr. McKeown, while his daughter was with him, furnished food for her family. The criticism of the charge is that there was no evidence to show that there was any agreement that the daughter was to be compensated and her service was presumed to be voluntary. The daughter is making no claim for her services. The father, Mr. McKeown, in order to

secure the services of his daughter, was obliged to incur the expense of providing food for her family. This was an additional expense to him brought about by the accident to his wife. The court said for this expenditure he was entitled to be reimbursed. We can see no error in this statement.

The fourth ground of appeal of the McCrory Company is the alleged error of the trial court in refusing to charge certain requests made by it. These requests embody the tenant's position on the subject of proximate cause, construction of the covenant of the lease regarding repairs, drain and cover being a nuisance arising from the structure of the building for which the landlord alone is liable, and no knowledge by the tenant of the dangerous condition of the drain covering. These questions have all been heretofore considered. It would be a work of supererogation to again discuss them. We think the trial court was justified in refusing to charge these requests.

This disposes of all the questions argued in the brief filed for the McCrory Company. The judgment as to the Mc-Crory Company is affirmed.

The grounds of appeal advanced on behalf of Mrs. King for a reversal of the judgment as to her will now be considered. It will be necessary to consider only one of the grounds. The court in its charge said: "Being lawfully upon the sidewalk, and the property being owned by Mrs. King and in the possession of the J. G. McCrory Company, it became the duty of both of these defendants to keep the drain safe for the use of the public, and the first question for you to consider is whether they fulfilled that obligation or not."

This language was tantamount to the court's saying that there was an absolute liability on the part of the landlord and tenant to keep the drain safe for the use of the public. To this portion of the charge counsel for the McCrory Company took an exception. This exception, however, has been abandoned by the McCrory Company by not making it a ground of appeal and arguing it. Counsel for Mrs. King took no exception to this portion of the charge. Mrs. King

cannot now avail herself of any error therein through the exception of the McCrory Company. But counsel for Mrs. King requested the court to charge as follows: "The law does not as a general rule require anyone to exercise extraordinary care or vigilance. It does not in a case like this one require a person to exercise extraordinary care or vigilance. The question is whether the defendant Mary King, prior to the accident, used due care, and whether due care was or was not used must be determined by the precedent facts and attendant circumstances, not from what subsequently occurs. If a person does all that is reasonable under the facts as they exist, and are known at the time of the injury or at some antecedent time, he is not a wrong-doer, for no one is bound to anticipate and provide against unusual and unexpected accidents."

We think the refusal of the court to charge this request, and the exception taken to this refusal, sufficiently brings up for review the question as to whether the liability of Mrs. King is absolute or whether the duty she owed to Mrs. McKeown was discharged if she used ordinary care to keep the sidewalk in a reasonably safe condition. The trial court evidently obtained from the case of *Durant* v. *Palmer, supra,* the belief that both the owner and tenant were under an absolute liability to make the sidewalk safe for the public. In this case the owner had utilized about five feet of a fifteen-feet-wide sidewalk for an area which was seven and a half feet deep and four feet wide with a perpendicular wall and a stone coping. The tenant of the property, which was used for a store, had placed hats for show purposes in a window immediately back of the area. The plaintiff stepped towards the window to see the hats and fell into the area. This court, in its opinion, said that as the defendant had testified that areas are made for steps to the basement and to protect the building from dampness, and that this area was intended for steps, "it surely belonged to the house, and both the owner and occupant are required to render it safe to the public." The difference between this case and the present case seems to us to be that in the Durant *v.* Palmer case the

owner had erected as a part of the premises a nuisance *per se,* as the area in the sidewalk was the same as a coal hole or elevator doors in a sidewalk, for the proper protection of which the owner and occupier are under an absolute duty to the public, while in the case under consideration the covering of the drain was not a nuisance *per se,* as it was properly constructed as a part of the sidewalk, flush with it, and could only become unsafe through neglect in failing to keep it in repair. The duty cast upon Mrs. King was to use ordinary care to maintain the sidewalk in a reasonably safe condition. The charge of the court made her duty to Mrs. McKeown an absolute one. This, we think, was error prejudicial to Mrs. King, and for which the judgment against her should be reversed. Accordingly the judgments against Mrs. King will be reversed.

As to McCrory Company—

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 11.

*For reversal*—None.

As to King—

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 11.