A. Page Smith, S.
The temporary administrator has petitioned for an order authorizing him to bring an action for the. wrongful death of Karolina N. Hawley pursuant to section 130 *271 of Decedent Estate Law and asking that limited letters of administration be granted to him. Hudson R. Hawley, surviving husband of the deceased, has cross-petitioned requesting that limited letters be granted to him for the same purpose, on the ground that he is the person interested in the proceeds of such an action.
A cause of action for the wrongful death of a deceased person is specifically given to the administrator or executor of the estate of said deceased (Decedent Estate Law, § 130). I know of no authority giving the cause of action to a surviving husband simply because he is entitled to the proceeds of the action, nor has any such authority been called to my attention.
By definition contained in section 314 of the Surrogate’s Court Act, the term letters of administration includes letters of temporary administration when such term is used in the act. It seems reasonable that a like interpretation should be given to the term ‘ ‘ Administrator ’ ’ as used in section 130 of the Decedent Estate Law and that it should include a temporary administrator, and I so hold.
Section 120 of the Decedent Estate Law gives the cause of action for Mrs. Hawley’s funeral expenses to the estate and in this case to the temporary administrator, who should, in the interests of simplified procedure, be allowed to bring one action for both causes. The temporary administrator therefore has all the statutory authority he needs to bring- the action for the death of Mrs. Hawley. He should be restricted, however, from receiving the proceeds of such an action or settlement until approval by this court so that further security may be required of him if necessary.
The application of the temporary administrator is granted, his letters being limited under and for the purposes set forth in section 122 of the Surrogate’s Court Act, otherwise continued in full force, and the cross petition of Hudson R. Hawley is hereby dismissed.