91 N.J. Super. 597 (1966)
222 A.2d 34
MICHAEL P. CAVANAUGH, AN INFANT BY HIS GUARDIAN AD LITEM, JOHN CAVANAUGH AND JOHN CAVANAUGH, INDIVIDUALLY AND ANNA CAVANAUGH, PLAINTIFFS,
v.
SPIROS PAPPAS AND HOUSING AUTHORITY OF PLAINFIELD, DEFENDANTS.
Superior Court of New Jersey, Union County Court, Law Division.
Decided June 29, 1966.
*599 Mr. Joseph B. Hetfield for defendant Spiros Pappas (Messrs. Hetfield & Hetfield, attorneys).
Mr. Arnold L. Simon for defendant Housing Authority of Plainfield (Messrs. Simon & Kaufman, attorneys).
FELLER, J.S.C.
This matter is before this court on defendant Spiros Pappas' motion for judgment on the pleadings.
From the complaint filed by plaintiffs, this suit sounds in negligence and nuisance. The facts of the case are as follows. On October 3, 1964 plaintiff Anna Cavanaugh fell while carrying Michael P. Cavanaugh, an infant, on a public sidewalk in front of premises known as 201 West Front Street, in the City of Plainfield, New Jersey. It is plaintiffs' contention that at the time Anna Cavanaugh fell, the sidewalk in front of the aforementioned premises "was in a state of disrepair, broken up, and had been improperly repaired as to create a nuisance." As a result of this condition Mrs. Cavanaugh, while carrying Michael, fell, injuring herself as well as the infant. From this fall and the resulting injuries, plaintiffs sustained damages for which this suit has been instituted seeking recovery for the damages and costs.
Ownership of the premises at 201 West Front Street at the time in question is not in dispute. Shortly before this accident, on September 28, 1964, defendant Pappas had conveyed by deed, without reservation, the premises to codefendant Housing Authority of Plainfield. As a result of this deed, Pappas had definitely divested himself of title and all rights to possession or of re-entry for repairs or for any other purpose.
*600 After the institution of this suit, the Housing Authority filed a cross-claim set forth in its answer, seeking indemnification from Pappas in the event liability should be determined against it. It further demands contribution from Pappas, pursuant to the Joint Tortfeasors Contribution Act.
It must be stated here that plaintiffs did not appear to contest Pappas' motion nor does it appear that they intended to or wanted to contest it.
Pappas contends that since he sold the property in question before the alleged accident, he can in no way be held liable for the damages resulting from the injuries sustained as a result of the fall. He urges that this is true according to the law of this State, whether plaintiffs' complaint sounds in negligence, nuisance, or both.
In opposition to Pappas' contention, the Housing Authority argues that he can be held liable in part for the damages sustained by plaintiffs as a result of injuries sustained in the alleged fall. To support their argument, they cite case law to this effect.
Pappas made his motion on the basis of R.R. 4:12-3. This reads as follows:
"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings, with briefs. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 4:58, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 4:58."
In interpreting this rule, our courts have held that a court must on a motion of this type concern itself with the material allegations of fact precipitated by the pleadings in the light of the law on the subject of the same nature. Baldwin Const. Co. v. Essex County Board of Taxation, 24 N.J. Super. 252 (Law Div. 1952), affirmed 27 N.J. Super. 240 (App. Div. 1953). In that case the court, with respect to a motion of the type made here, said:
*601 "This residue of well-pleaded fact is accepted as true under Rule 3:12-3, supra, as it is under the federal rule which is its counterpart. Federal Rules Civil Procedure, Rule 12(c), 28 U.S.C.A.; Hackensack Water Co. v. North Bergen Twp., 103 F. Supp. 133 (D.C.N.J. 1952). The movant admits not only the well-pleaded facts, but all legitimate inference which they accommodate. Kelly v. Hoffman, 137 N.J.L. 695 (E. & A. 1948). The power to exercise judgment on the pleadings is so drastic in result that it is exercised sparingly, and only in case the pleading, liberally construed in favor of the pleader, is clearly and palpably insufficient in a legal sense. Evangelista v. Public Service Coord. Transport, 7 N.J. Super. 164 (App. Div. 1950)."
Keeping in mind the guidelines well enunciated in the above quotation, this court will now turn to the law applicable to the facts in this case.
Pappas relies primarily on two cases in support of his motion: Sarnicandro v. Lake Developers, Inc., 55 N.J. Super. 475, 479 (App. Div. 1959), and McQuillan v. Clark Thread Co., 12 N.J. Misc. 409, 172 A. 370 (Sup. Ct. 1934). In McQuillan plaintiff instituted suit seeking to recover damages for injuries sustained on property once owned by defendant but sold prior to the time the injuries sustained by plaintiff occurred. In denying recovery the court said:
"It would be a dangerous principle to declare that liability for injuries sustained by reason of negligence or maintenance of a nuisance continues after transfer of title. How long would the liability continue? When would the line be drawn?"
Turning to Sarnicandro, supra, the facts are as follows: Plaintiffs leased a portion of their son-in-law's and daughter's home which had been built and sold by the defendant. Two weeks after the son-in-law and daughter had taken possession they noticed that there was a defect in some outside concrete stairs. They notified defendant, but nothing was done and they took title. Some two years later plaintiff Saveria Sarnicandro while using the stairs fell and was injured. She and her husband sued defendant. The trial court granted summary judgment. On appeal, Judge Goldmann affirmed the *602 trial court's decision. However, in his opinion he stated the following:
"There are some exceptions to the general rule just discussed. One is where the vendor creates a situation which interferes with the rights of the public or with the use or enjoyment of adjoining lands. In cases where the land is transferred in such a condition that it involves an unreasonable risk of harm to those outside the premises, the vendor has been held liable on the theory of a public or a private nuisance, at least for a reasonable length of time after he has parted with possession. Prosser, Torts, above, § 79, p. 463; 2 Harper and James, above, § 27.19, p. 1521; 2 Restatement, Torts, § 373, p. 1005. Although plaintiffs at the argument on the motion for summary judgment sought to predicate liability on the theory of nuisance (the issue was not raised in either the pleadings or pre-trial order), that theory cannot avail them. The vendor created no danger to the public and did not interfere with adjoining land."
As is obvious from the above statement, the general rule is that once the vendee has taken possession, the vendor of real estate is not subject to liability for bodily harm caused to the vendee or others while upon the premises by any dangerous condition, artificial or natural, which existed when the vendee took possession, but there is an exception to the application of this general rule. The rule is inapplicable when the vendor creates a situation which interferes with the rights of the public or with the use or enjoyment of adjoining lands. Implicit in this exception is the fact that the situation created must amount to either a public or private nuisance.
This exception to the general rule had been recognized before by our Supreme Court in Pirozzi v. Acme Holding Company of Paterson, 5 N.J. 178 (1950), where the court said:
"Where, however, an owner demises land with a nuisance on it created by him or by his predecessor in title, he remains liable. It is no defense to such claim that by demising the land he has lost power to abate the nuisance, he should have so abated it before parting with control. Meyer v. Harris, 61 N.J.L. 83 (Sup. Ct. 1897)." (at p. 188)
Looking at these two statements in Sarnicandro and Pirozzi, they are definitely in conflict with the statement *603 found in McQuillan, supra. However, nowhere in Sarnicandro or Pirozzi did the courts in their opinion expressly overrule the holding in McQuillan. In spite of the absence of an express statement in either of those cases overruling McQuillan, this court is of the opinion that the statements found in Sarnicandro and Pirozzi impliedly overrule the law as stated in McQuillan.
Similarly, the court in East Jersey Water Co. v. Bigelow, 60 N.J.L. 201 (E. & A. 1897), stated that one who erects a structure or construction which creates a nuisance and then conveys to another the lands and premises in question, with a covenant of quiet enjoyment and the right to maintain such structure or construction, is liable for the continuance of the nuisance upon the ground that he affirms it and must be regarded in law as continuing it. He is the author of the original wrong, and thus, in transferring the premises with the original wrong still existing, he is treated as affirming its continuance.
Furthermore, Prosser on Torts (3d ed.), c. 11, § 62, pp. 409-410 states as follows:
"The other exception to the general rule of non-liability of the vendor is found in a number of cases where the land, when it is transferred, is in such condition that it involves an unreasonable risk of harm to those outside of the premises. In nearly all of the decided cases, this has amounted to either a public or a private nuisance, but this is clearly not essential. In such a case the vendor remains subject, at least for a reasonable time, to any liability which he would have incurred if he had remained in possession, for injuries to persons or property outside of the land, caused by such a condition. The reason usually given is the obviously fictitious one that by selling the land in such condition he has `authorized the continuance of the nuisance.' A more reasonable explanation would appear to be merely that the vendor's responsibility to those outside of his land is regarded as of such social importance that he is not permitted to shift it, even by an outright sale."
In other words, a vendor of land who has created or negligently permitted to remain on the land a structure or other artificial condition which involves an unreasonable risk of harm to others outside of the land, because of its plan, construction, *604 location, disrepair, or otherwise, is subject to liability to such persons for physical harm caused by the condition after his vendee has taken possession of the land. If the vendor has created the condition, or has actively concealed it from the vendee, the liability continues until the vendee discovers it and has reasonable opportunity to take effective precautions against it. Otherwise, the liability continues only until the vendee has had reasonable opportunity to discover the condition and to take such precautions. Restatement, Torts 2d, § 373, pp. 276-277.
It must be noted at this juncture that this formulation of the present law with respect to liability created by a vendor before he sells the property to a vendee is not to be applied when there is no outright sale of property from one person to another. The law with respect to negligent acts and nuisances on property leased or rented is clear and fair as it stands at the present time.
Also, this court would like to point out that the responsibilities placed on a vendor of property are being constantly scrutinized. As a result of this scrutiny, inequities are being corrected. See Schipper v. Levitt & Son, Inc., 44 N.J. 70 (1965). This court believes that its statement of the law with respect to nuisances created by a vendor and allowed to continue after sale to a vendee, thus causing injury to a third person or the vendee, is one more logical and equitable extension of the responsibility the vendor must and can bear. After all, one should not be allowed to create a dangerous condition on property which could cause damage to others and then escape liability for such damages simply because he sells the property on which the dangerous condition exists. As the maker of the condition he should be liable in part, if not in whole, for his act.
Having held that the law in this State is that a vendor who creates a nuisance on property remains liable for injuries to others for a reasonable time after conveyance to a vendee, it must now be determined whether this law applies to this case. Here plaintiffs allege that the sidewalk on which the fall occurred *605 which resulted in injury to the plaintiffs was negligently repaired so as to constitute a nuisance. Also, it is evident from the facts that the sidewalk in question is a public one. Defendant Pappas had only sold the property five days before Mrs. Cavanaugh fell. Considering the time that elapsed between the sale and this incident, it is not an unreasonable passage of time. Quite the contrary, it is well within the measure of reasonable time to hold defendant liable for the dangerous condition he created. Under these allegations of fact, the statement previously alluded to in this opinion from the Sarnicandro case, supra, is controlling.
Having considered the law on this subject and the facts of this case according to the guidelines to be employed, as enumerated before, in motions of this type, this court is of the opinion that the law is such as to necessitate the retention of defendant Pappas in this case for trial purposes and the ultimate determination of liability.
Pappas' motion for judgment on the pleadings is denied. An appropriate order shall be submitted pursuant to R.R. 4:55-1.