HARRY L. GASTEIGER and J. K. WILLIS, d/b/a
Gasteiger-Willis Construction Company v. IVA
GILLENWATER.

HARRY L. GASTEIGER and J. K. WILLIS, d/b/a
Gasteiger-Willis Construction Company v. HAROLD
GILLENWATER.—417 S.W.(2d) 568.

Eastern Section. December 19, 1966.

Certiorari Denied by Supreme Court May 15, 1967.

Hunter, Smith, Davis, Norris & Waddey, Ben C. Davis and Edwin L. Treadway, Kingsport, for plaintiffs-in-error Harry L. Gasteiger and J. K. Willis, d/b/a Gasteiger-Willis Construction Company.

J. Kenneth Wright and William H. Cate, Kingsport, for defendants-in-error Iva Gillenwater and Harold Gillenwater.

COOPER, J. Iva Gillenwater sued, in tort, to recover damages for personal injuries sustained when the basement stairs of the house purchased from the defendants, Harry L. Gasteiger and J. K. Willis, d/b/a Gasteiger-Willis Construction Company, collapsed. Her husband, Harold Gillenwater, filed a companion suit seeking to recover damages for the loss of his wife's services in the home and to recover expenses incurred in providing medical care for his wife.

On trial, the jury returned verdicts in favor of the plaintiffs, awarding Iva Gillenwater, $5000.00, and her husband, $2500.00. The trial judge suggested a remittitur of $500.00 in the verdict awarded Iva Gillenwater and, when it was accepted, overruled the defendants' motions for a new trial. This appeal resulted.

On appeal, the defendants direct their assignments of error (1) to the trial judge's action in overruling defendants' motions for a directed verdict, contending that there is no material evidence to support the verdicts, (2) to remarks of the court during the course of the trial, (3) to the admission of photographs in evidence, and (4) to the court's charge, particularly to the failure of the court to give requested special instructions. There is no assignment directed to the amount of the judgments awarded the plaintiffs.

In reviewing a case on appeal, where the appeal is from a judgment based on a jury's verdict, this court is limited to a determination of whether there is any material evidence to support the verdict, and "it [our

review] must be governed by the rule safeguarding the constitutional right of trial by jury, which requires us to take the strongest legitimate view of all the evidence to uphold the verdict, to assume the truth of all that tends to support it, to discard all to the contrary, and to allow all reasonable inferences to sustain the verdict." D. M. Rose & Co. v. Snyder, 185 Tenn. 499, 206 S.W.2d 897. And if there is material evidence to support the verdict, it must be affirmed. City of Chattanooga v. Ballew, 49 Tenn.App. 310, 354 S.W.2d 806.

When so reviewed, we find that the defendants constructed a house in the Midfield Subdivision in the City of Kingsport and sold it to the plaintiffs in the latter part of May or the early part of June, 1965. As constructed, the house had a full basement with a stairway leading from the basement to the kitchen.

The stairs were used without incident by the plaintiffs and other members of the plaintiffs' family until July 22, 1965, when the stairway fell under the weight of Mrs. Gillenwater, her two small children and a young nephew.

After the collapse of the stairs, Mr. Gillenwater made an inspection and found that the only material support at the top of the stairs was a small piece of wood on which the top of the stairs rested. The exact dimensions of the wood, weight-bearing support are not shown in the record, but the record does contain a picture of the support and there is testimony that it did not meet the minimum requirements of the building code nor did it meet the standards of the construction industry.

There is also evidence that "the support was insufficient to handle and carry the ordinary everyday usage of stairs of this particular rise," and that had the minimum

building requirements been met, the stairs would not have collapsed under normal usage such as made by the plaintiffs during the five weeks they had occupied their newly purchased home.

As a general rule, "a vendor of land is not subject to liability for physical harm caused to his vendee or others while upon the land after the vendee has taken possession by any dangerous condition, whether natural or artificial, which existed at the time that the vendee took possession." Restatement of Torts, Second, Sec. 352, p. 234; Smith v. Tucker, 151 Tenn. 347, 270 S.W. 66, 41 A.L.R. 830; Belote v. Memphis Development Company, 208 Tenn. 434, 346 S.W.2d 441. But, where the vendor knows of a dangerous condition upon the land and knows or should realize that the vendee has no knowledge of the condition and probably would not discover it or its potentiality for harm, the vendor owes the affirmative duty to disclose the condition and to warn the vendee of its danger, and if he fails to do so, he becomes subject to liability to the vendee and others upon the land with the consent of the vendee for any physical harm caused by the condition after the vendee has taken possession of the land. Belote v. Memphis Development Company, 208 Tenn. 434, 346 S.W.2d 441, citing Section 353 of the Restatement of Torts, Kilmer v. White, 254 N.Y. 64, 171 N.E. 908, 909, 910, and Palmore v. Morris, 182 Pa. 82, 37 A. 995, 999, 61 Am.St.Rep. 693. Cf. Restatement of Torts, Sec. 353, p. 235 where the exception voiced in the Belote case and in the earlier Restatement is broadened so as to impose the duty to disclose a dangerous condition upon those vendors who have "reason to know of it."

Knowledge of the existence of the dangerous condition by a vendor will be presumed where the building or

dwelling sold was built by the vendors' workmen. Belote v. Memphis Development Company, supra.

■ In the light of the foregoing authorities and after considering the evidence in the light most favorable to the plaintiff as we are required to do, we are of the opinion that a jury reasonably could find that at the time of sale the defendants had actual knowledge of the dangerous condition created by the "shoddy" or sub-par construction of the basement stairs; that due to the nature of the defect, the defendants knew or should have realized that the plaintiffs had no knowledge of the condition and probably would not discover it or its potentiality for harm; that, as a consequence, the defendants were under a duty to disclose the construction defect to the plaintiffs and their failure to do so subjected them to liability for the injuries and damages suffered by the plaintiffs as the result of the collapse of the stairs.

The defendants also take issue with the action of the trial judge in admitting in evidence a photograph (exhibit 1) showing two pieces of wood leaning against a concrete wall, and a photograph (exhibit 2) showing the stairway after it had been repaired.

■ Exhibit 1 purports to show the wood supports of the basement stairs. One piece of wood was found under the head of the collapsed stairs and, according to the evidence, was the major support on which the top of the stairs rested. The other piece of wood was identified and described as the vertical brace running from the top of the stairs to the concrete floor. Being the support of the basement stairs, the pieces of wood were pertinent to material issues to be decided by the jury and a photograph of them, properly identified, would be admissible in evidence. We think they were properly identified.

As to exhibit 2, this court pointed out in Management Services, Inc. v. Hellman, 40 Tenn.App. 127, 289 S.W.2d 711, 718, that " '[t]he fact that there have been changes in conditions, including even substantial changes, will not necessarily exclude a photograph where the changes can be and are explained, so that the photograph, as explained, will give a correct understanding of the condition existing at the time to which the controversy relates, and be practically instructive.' 32 C.J.S. Evidence, sec. 715, [p. 1012]. The fact that a photograph is incorrect in some particulars does not render it inadmissible as evidence, but merely affects its weight. Hughes v. State, 126 Tenn. 40, 148 S.W. 543." 

The record shows that the jury was informed that exhibit 2 was a picture of the stairs, as repaired, and was instructed that the photograph was admitted for the sole purpose of helping them "determine the heighth of the stairway, or its relationship to the basement, the kitchen as the witnesses have thus testified, or have heretofore testified. That's the only purpose that you receive it. You will not give any consideration as to the condition of the stairway as it exists or appears to exist in this picture or that it might have been before. * * *"

We think exhibit 2, with the limitations placed upon it by the trial judge, was properly admitted. Certainly, no prejudice could result to the defendants through its admission. See T.C.A. sec. 27-113.

In assignment 4, the defendants charge that the trial judge erred in instructing the jury, while ruling on an objection by the defendants, that:

"* * * [A]s to the repair of the steps or remounting the steps, or whatever you want to call it, that was done

after the steps went down, you will not consider that as negligence in their original construction unless you find that what was done after was necessary according to the standard and required minimums as testified to by two experts including Mr. Gasteiger. He testified as to the minimum. So, unless whatever was done was required to be within the minimum standards as has been put to you, you will not consider for any purpose.''

We find no material error in the statement of the trial judge when it is considered in context with prior questions and answers, and cannot agree, as urged by the defendants, that the statement had the effect of misleading the jury as to the duty owed plaintiffs by the defendants in view of the complete and accurate instructions given the jury in charge.

The two remaining assignments of error are directed to the trial judge's charge—the defendants insisting that the trial judge erred in refusing to give requested special instructions and thus ''deprived defendants of the benefit of a full, accurate and comprehensive charge of the law applicable to the issues raised by the pleadings and the proof in the cases.'' We find no merit in this insistence for, as heretofore stated, we are of the opinion that the charge of the court, without the requested instructions, is complete and accurate.

Judgments are affirmed. Costs of the appeal are adjudged against the defendants and their sureties.

McAmis, P. J., and Parrott, J., concur.