Richard F. Kuhnen, J.
This is a motion for summary judgment pursuant to CPLR 3212. Plaintiff Herbert A. Merrick, Sr. is the temporary administrator of the personal property of his son Herbert A. Merrick, Jr. who was killed in an automobile accident on April 8, 1973. On that date, Merrick, Jr. was proceeding along West Main Street in the Village of *40 Stamford when his vehicle left the road and entered a lake adjacent to the roadway resulting in his death.
The land adjacent to West Main Street at the point where the Merrick car entered the lake is allegedly owned by Elizabeth M. Assheton. At one time the Assheton property was separated from the roadway by a stone retaining wall. This wall served as a barrier and a safeguard between the West Main Street roadway and the shallow lake area behind the retaining wall. Prior to the April 8 accident, however, the retaining wall was demolished and the shallow lake area was transformed by excavation into a deep man-made dropoff. The complaint in this action alleges that defendant Fred P. Murphy, a former owner of the Assheton property, ordered and directed the redesign and excavation of the area in question and that these acts were the proximate cause of the fatal accident.
Defendant Murphy acquired the property on February 8, 1965 and on January 1, 1966 he conveyed to the present owner. The alterations to the property made by defendant Murphy occurred at an unspecified time.
Plaintiff asserts that defendant Murphy is liable for his son’s death on two separate theories, negligence and nuisance. He claims that the defendant negligently created a dangerous condition and that the demolition and excavation by defendant also created a nuisance which caused the accident.
Defendant seeks summary judgment on the ground that as a matter of law he cannot be held liable for any condition existing on the premises because he divested himself of the property six years before the accident.
As a general rule, premises liability, whether framed in negligence or nuisance, is predicated on the theory that one who either owns, occupies or controls property should bear the responsibility for its condition. (46 NY Jur, Premises Liability, § 1.) The responsibility for a dangerous condition or nuisance existing on real property normally ceases upon transfer or as soon thereafter as the new owner or possessor has had a reasonable opportunity to discover and remedy any defective condition. (Pharm v Lituchy, 283 NY 130; Kilmer v White, 254 NY 64.)
There is a distinction, however, between mere negligent maintenance of property and affirmative acts of negligence in the actual creation of a nuisance or dangerous condition. (Brown v Welsbach Corp., 301 NY 202.) In the latter instance, *41 ownership or possession of the property upon which the condition is found, is not necessarily a prerequisite to responsibility for injury or damage which results therefrom.
For example, in Rufo v Orlando (309 NY 345) plaintiff was injured as a result of the collapse of an embankment while working in an excavation pit dug by defendant contractor. The defendant had completed the excavation work before the occurrence of the accident and was not in possession or control of the premises at that time. The court held that these facts were not determinative of defendant’s liability and that a finding of negligence by the jury against the defendant contractor was warranted. See, also, Adams v White Constr. Co. (299 NY 641).
More recently, the Court of Appeals applied the doctrine of MacPherson v Buick Motor Co. (217 NY 382) to parties committing affirmative acts of negligence which produce dangerous conditions on real property. (Inman v Binghamton Housing Auth., 3 NY2d 137.) Under the rule set forth in Inman, a person who creates an inherently dangerous condition upon real property bears the same responsibility for any injuries or damage resulting therefrom as would the manufacturer of an inherently dangerous or defective chattel. Similarly, legal responsibility under these circumstances, as in the case of products liability, does not depend upon ownership or possession of the property either at the time the act of negligence or the injury occurs.
Plaintiff’s theory of liability in this case is similar to that found in Rufo (supra), Adams (supra) and Inman (supra). He does not contend that the defendant was the owner of the property either at the time the excavation and demolition were performed or on April 8, 1973; nor does he seek to hold defendant accountable in negligence as a result of the defendant’s status as former owner of the property. The claim here is based solely on allegations of affirmative acts of negligence in the creation of a dangerous condition on the Assheton property. Under this theory, ownership is immaterial and the fact that defendant transferred his interest in the property prior to the dates in question does not render the complaint insufficient as a matter of law.
It should be noted that the complaint in Inman was dismissed as a result of plaintiff’s failure to allege a latent defect or concealed danger. The complaint in this action is similarly defective, but that omission need not result in dismissal. As *42 stated recently by the Court of Appeals in Bolm v Triumph Corp. (33 NY2d 151), Inman was a pre-CPLR case and under the more liberal provisions of CPLR 3026, the failure to specify that a defect was latent should not be considered fatal to a pleading. This, however, does not relieve plaintiff of the burden of proving a defect of this nature at trial.
Defendant also requests summary judgment on the ground that as temporary administrator, plaintiff has no authority to bring this action. Wrongful death actions are governed by EPTL 5-4.1 which provides in part that an action of this nature may be maintained by "The personal representative * * * of the decedent.” A. "personal representative” is defined by EPTL 1-2.13 as "a person who has received letters to administer the estate of a decedent.” Since plaintiff has received letters of this nature he is unquestionably "a personal representative” within the meaning of this section and is therefore empowered to bring a wrongful death action under EPTL 5-4.1. (See Matter of Hawley, 13 Misc 2d 270.)
Furthermore, SCPA 905 which defines the powers of a temporary administrator also confers this authority upon plaintiff. This section provides that "A temporary administrator may maintain any action * * * for the purpose of taking into his possession, securing and preserving all property of a decedent ”. (Emphasis added.) There is no other language in this section or SCPA article 9 which would indicate that "any action” does not include an action for wrongful death nor does the statute contain any requirement that a temporary administrator obtain specific judicial approval prior to maintaining an action of this nature. Accordingly, as temporary administrator, plaintiff is a proper party to bring this action.
Motion is denied.