BASKIN, Judge
(dissenting).
I disagree with the majority opinion because I find that genuine issues of material fact remain to be decided, Holl v. Talcott, 191 So.2d 40 (Fla.1966). I would therefore reverse the summary judgment entered in favor of the Abrahams.
The Wagners brought an action to recover damages for injuries they sustained when their motorcycle was struck by a car *483 turning left as it exited from Hialeah Plaza. The Wagners predicated their action against the Abrahams on the ground that as the original owners and builders of the shopping center, the Abrahams remained liable for damages resulting from the dangerous placement of the driveway and from the dangerous condition created by two large pillars bounding the driveway and obscuring the vision of motorists leaving the shopping center.
The Wagners alleged that the Abrahams were negligent in building or allowing the driveway to be built too close to the intersection, in failing to prohibit vehicles from turning left, in constructing the pillars, and in failing to obtain a permit for the driveway. The Abrahams requested summary judgment, asserting that eight years before the accident occurred, they had sold the property to Twelfth Hialeah Corporation, which, in turn, sold the property to Hialeah Land Trust, John Buzzuto, trustee. Thus, they maintained, they were absolved from liability for any defects in the shopping center which may have existed at the time of the accident. The trial court entered summary judgment in favor of the Abra-hams. The court ruled that if the location of the driveway and pillars constituted a defect, the defect was patent and the Abra-hams were no longer liable.
Ordinarily, a vendor of real estate is relieved of liability for defects upon the land when it transfers the property to a vendee who has a reasonable opportunity to correct the faults. Anderson v. Cosmopolitan National Bank of Chicago, 54 Ill.2d 504, 507, 301 N.E.2d 296, 298 (1973); Carlson v. Hampl, 284 Minn. 85, 87, 169 N.W.2d 56, 57 (1969); Gasteiger v. Gillenwater, 57 Tenn.App. 206, 211, 417 S.W.2d 568, 571 (1966); Restatement (Second) of Torts, § 352 (1965); 48 A.L.R.3d 1027, 1031.
An exception to the general rule arises when the vendor has created a condition on the land which presents an unreasonable risk of injury to persons outside the land; in that case, the vendor remains liable until the vendee discovers the condition and has had a reasonable opportunity to correct the problem. Restatement (Second) of Torts, § 373 (1965); 48 A.L.R.3d 1027, 1032. See Cogliati v. Ecco High Frequency Corp., 92 N.J. 402, 456 A.2d 524 (1983); Merrick v. Murphy, 83 Misc.2d 39, 371 N.Y.S.2d 97 (Sup.Ct.1975); Narsh v. Zirbser Brothers, Inc., 111 N.J.Super. 203, 268 A.2d 46 (1970); Cavanaugh v. Pappas, 91 N.J.Super. 597, 222 A.2d 34 (Cty.Ct.1966).
In the case before us, the location of the pillars is, as the majority holds, an obvious and patent defect for which the former owners of the property should not remain accountable; however, the danger created by the placement of the driveway is not necessarily obvious. That the placement of the driveway may have constituted a defect became clear from the testimony in the deposition of Miles Elliot Moss, an expert witness for the injured parties. He testified that the placement of the driveway created a dangerous condition because the driveway was too close to a major intersection. In support of his opinion, he cited standards employed by architects and engineers which require that a driveway be placed at least 125 feet from a major intersection. Whether the placement of the driveway constituted a defect and whether the defect was so obvious that subsequent purchasers were necessarily aware of the dangerous condition it created presented issues of material fact which should have been submitted to the jury. See Lubbell v. Roman Spa, Inc., 362 So.2d 922 (Fla.1978) (trial court correctly denied directed verdict for property owner where evidence that defect in ceiling could have been discovered by inspection made it question for jury); Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla.1965) (court reversed summary judgment in favor of property owner where question of property owner’s knowledge of slippery condition on floor was for jury to decide); Echols v. Hammet Co., 423 So.2d 923 (Fla. 4th DCA 1982), review denied, 434 So.2d 887 (Fla.1983) (reversible error to direct verdict for defendant contractor, because there was jury question as to whether defect in road was observable); Orr v. D'Andrea, 412 So.2d 933 (Fla. 1st DCA *484 1982) (court vacated order dismissing complaint where question of fact existed as to the extent of owner’s knowledge of dangerous condition created by builder on her property); Milby v. Pace Pontiac, Inc., 176 So.2d 554 (Fla. 2d DCA 1965), cert. dismissed, 185 So.2d 467 (Fla.1966) (whether drop-off immediately inside entrance was obvious or hidden was question for jury). Compare Grail v. Risden, 167 So.2d 610 (Fla. 2d DCA 1964), cert. denied, 174 So.2d 736 (Fla.1965) (summary judgment upheld where there was no question of fact that tie-rod extending out on sidewalk was patent defect because it could have been seen by one using due care).
In summary, unless the subsequent purchasers knew of the location of the driveway and also discovered that its proximity to the intersection created a dangerous condition, the original owners remain liable.
The majority opinion fails to address an important inconsistency in the trial court’s ruling and its effect on the ability of the parties to seek redress from one another. Although the trial court found that the defect was patent as to the Abrahams, it nevertheless decided to submit to the jury the issue of whether the defect was patent as to subsequent owners. Thus, it is possible for the jury to reach a decision contrary to that found by the trial court on the question of whether the driveway defect was patent. Such a conflict would confuse the apportionment of damages among the parties.
For these reasons, I would reverse and remand for further proceedings.